# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY HENRY, )<br>  Petitioner, )<br>v. )<br>  )<br>MARTY SIRMONS, WARDEN, )<br>  )<br>  Respondent. ) | Case No. CIV-05-454-M |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Respondent has filed a response to the petition [Doc. #7], and Petitioner has filed a reply [Doc. #9]. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that the Petition be denied.

## Background

At all times relevant to this action, Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (ODOC), was incarcerated in the James Crabtree Correctional Center (JCCC). In this action, Petitioner is challenging the result of a prison disciplinary hearing held on June 10, 2004. Petitioner was found guilty of Menacing.[1] As a result of his conviction, Petitioner lost all of the earned credits he had accrued and was reassigned to Level 1 for 90 days. Response Ex. 2 at 10. Petitioner's conviction was affirmed by the facility head. *Id.* Petitioner attempted to appeal his conviction to the

---

[1] "Menacing" is defined as "Making sexual threats, stalking, or making threats of bodily harm or death to a staff member or citizen." *See* OP-060125, Attachment A, at www.doc.state.ok.us.

Director's Designee, Melinda Guilfoyle, but the appeal was rejected as untimely filed. Response Ex. 3 at 1.

## Petitioner's Claims

Petitioner's sole ground for relief is that his disciplinary conviction was not based on "some evidence." He acknowledges having made certain statements to a female staff member, but he contends that the statements he made do not constitute any evidence of "Menacing," as defined in § 05-4, OP-060125 Attachment A (Acts Constituting Rule Violation).

## Analysis

To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("The State has created a liberty interest in earned credits[.]"). Therefore, Oklahoma prisoners are generally entitled to minimum due process protection before their earned credits are revoked. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). In this case, Petitioner's disciplinary conviction resulted in a loss of all the credits he had accrued. Therefore, Petitioner was entitled to due process in his prison disciplinary hearing.

Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v.*

*McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Id.*

Petitioner's only challenge to his disciplinary conviction is that it was not supported by "some evidence."[2] Judicial review to determine the existence of "some evidence" does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id.* Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary hearing officer. *Id.*

In this case, the disciplinary officer's finding of guilt was based on statements of a female staff member, RN III Amber Spaulding, in an Incident Report and in a Misconduct Report. In her Incident Report, Ms. Spaulding reported that on two consecutive days, while Petitioner was in line to get medication, Petitioner had made unwelcome remarks to her. Petitioner is quoted as saying, "I had a dream about you last night." Petitioner then asked

---

[2]Indeed, the record reveals that Petitioner was afforded advanced written notice of the disciplinary charge, an opportunity to call witnesses, though none were identified, and a written statement of the evidence relied on and the reason for disciplinary action. *See* Response Ex. 2.

Ms. Spaulding whether she had ever considered dating outside her race. Ms. Spaulding told Petitioner she did not want to talk about this subject, but Petitioner continued to talk to her about dating and "keeping it real." He told Ms. Spaulding he liked to date white women and stated that he respects and takes care of his women. He asked her when he could talk with her again, and she finally had to close the pill line to end the conversation. Petitioner initiated a similar conversation the next day and told Ms. Spaulding that she was "nice." Both days, Ms. Spaulding felt compelled to close and lock the pill line window so that Petitioner would leave. Response Ex. 2 at 3-4. Ms. Spaulding made the same allegations in the Misconduct Report. Response Ex. 2 at 1.

According to the Investigator's Report, Petitioner stated, "I haven't said nothing like that to her." Response Ex. 2 at 2. Petitioner stated that he wished to call as a witness an unknown person from the pill line described only as "light skinned /good hair." Because the witness could not be identified, no statement was taken. Response Ex. 2 at 2.

The disciplinary hearing officer relied on the statements made by Ms. Spaulding, finding the statements credible because "she has given reliable information in the past." Response Ex. 2 at 10. He found Petitioner guilty of Menacing.

Before this Court, Petitioner abandons his claim that he did not make the statements and contends instead that the alleged statements do not "prove or even suggest sexual threats or stalking or threats of bodily harm." Petition at 6; Reply at 5. The disciplinary hearing officer, however, construed Petitioner's conduct toward the female staff member as constituting a violation of the rule against "Menacing." This Court cannot second-guess the

DOC's interpretation of its own policies and procedures. *See Gooch v. Ward*, No. 04-6264, 2004 WL 3017261(10th Cir. Dec. 30, 2004) (denying COA to appellant who challenged outcome of prison disciplinary proceeding based on contention that prison officials erroneously construed floor wax and bleach to be "chemicals," in violation of prison rule which prohibits the "possession/introduction of any drug, narcotic, intoxicant, chemical, drug paraphernalia not prescribed by medical staff") (unpublished op.).³ The disciplinary hearing officer's interpretation of the rule against menacing is reasonable under the circumstances described, and the statements of Ms. Spaulding in the Misconduct Report and Incident Report are some evidence of Plaintiff's guilt.

## **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be [Doc. #1] be denied.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by August  15th , 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

³This unpublished Tenth Circuit decision is cited for its persuasive value in accordance with 10th Cir. R. 36.3(B).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral [Doc. #3] by the District Judge in this matter.

ENTERED this   25th   day of July, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE